# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In The Matter Of The Search Of:<br><br>A residence located at 2067 Grant Street, Dubuque, Iowa 52002, more fully described as a one-story home with grey siding, light colored brick, adjacent curtilage, black shutters, an attached garage, as well as all vehicles and other structures located on the property. | No. 07-mj-90 |
| In The Matter Of The Search Of:<br><br>The premises known as Storage Units 113 and 114, a west-facing single structure, tan in color, containing 26 separate storage units, two of which display "113" and "114"on the upper left side of the doors, all located on the property of the Penn Place Apartments, 3702 Pennsylvania Avenue, Dubuque, Iowa 52002. | No. 07-mj-91 |
| In The Matter Of The Search Of:<br><br>Red, four-door, 1993 Chevrolet Lumina with VIN 2G1WL54T4P1133063. | No. 07-mj-92 |
| In The Matter Of The Search Of:<br><br>Red, four-door, 1993 Chevrolet Lumina with VIN 2G1WL54T4P1133063.<br>(Second Warrant) | No. 07-mj-95 |
| In The Matter Of The Search Of:<br><br>A brown 1988 Chevy Suburban, Iowa license plate 528AWM, VIN | No. 07-mj-96 |

| | |
|---|---|
| n The Matter Of The Search Of:<br><br>A gray metal Penco Products, Inc. half locker, bearing the number "3" and the name "John T.," located along the north wall, top row, facing south; a brown metal tool chest, bearing two stickers — "Vote the Son of a Bush Out" and an "International Association of Machinists Union" sticker; and a red Craftsman, four-drawer wheeled tool cabinet under the brown metal tool chest, all located at the Adams Company, 8040 Chavenelle Road, in Dubuque, Iowa. | No. 07-mj-97 |
| In The Matter Of The Search Of:<br><br>Safety deposit box number 960 at the American Trust and Savings Bank, 9th and Main Streets, Dubuque, Iowa. | No. 07-mj-98 |
| In The Matter Of The Search Of:<br><br>The premises known as Storage Units 113 and 114, a west-facing single structure, tan in color, containing 26 separate storage units, two of which display "113" and "114" on the upper left side of the doors, all located on the property of the Penn Place Apartments, 3702 Pennsylvania Avenue, Dubuque, Iowa 52002. | No. 07-mj-99 |
| In The Matter Of The Search Of:<br><br>Safety deposit box number 1073 at the American Trust and Savings Bank, 9th and Main Streets, Dubuque, Iowa. | No. 07-mj-100<br><br>ORDER |

These matters come before the Court on the "Motion for Assignment of Case to the District Court" and "Amended Consolidated Motion for Return of Seized Property," both filed *pro se* by John P. Tomkins on November 5, 2013. In his first motion, Tomkins asserts that a magistrate judge does not have statutory authority to enter a final ruling on a motion for return of seized property and, therefore, the motions should be "assigned to the docket of a District Court judge." In his second motion, Tomkins incorporates by reference the "Consolidated Motion for Return of Seized Property" filed by him on September 11, 2013, and objects to the Court's Order, filed on October 17, denying his motion for return of seized property.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 24, 2007, I issued warrants authorizing the search of 2067 Grant Street in Dubuque, storage units 113 and 114 at Penn Place Apartments in Dubuque, and a 1993 Chevrolet Lumina.[1] On the following day, April 25, I issued additional search warrants for the car and the storage units.[2] Also on April 25, I issued search warrants for a 1988 Chevy Suburban, certain tool chests, and a safety deposit box at a Dubuque bank.[3] On April 26, I issued a search warrant for a second safety deposit box at the bank in Dubuque.[4]

On the following day, April 27, 2007, Tomkins was charged by complaint in the United States District Court for the Northern District of Illinois. Following a jury trial, Tomkins was convicted on nine counts of mailing threatening communications, two counts of unlawful possession of destructive devices, and one count of possession of a firearm in relation to a crime

---

[1] *See* case numbers 07-mj-90, 07-mj-91, and 07-mj-92.

[2] *See* case numbers 07-mj-95 and 07-mj-99.

[3] *See* case numbers 07-mj-96, 07-mj-97, and 07-mj-98.

[4] *See* case number 07-mj-100.

3

of violence. He was sentenced on May 21, 2013 to a term of 444 months' imprisonment. Tomkins' appeal is currently pending before the Seventh Circuit Court of Appeals.[5]

While his case was pending in Illinois, Tomkins filed at least five motions for the return of the property seized during the execution of the search warrants in Dubuque, Iowa.[6] Following a hearing on the first motion, the parties were apparently able to agree on the return of certain seized property.[7] Tomkins' second motion was denied without prejudice. Judge Robert M. Dow, Jr. accepted the Government's attestation that the remaining items in its possession "all have evidentiary value." Judge Dow noted that "[p]ursuant to the Court's July 2011 order, the Government remains obligated to return seized property that it will not be using as evidence at trial on a rolling basis — that is, as it determines that the property has no evidentiary value."[8] Regarding Tomkins' third request, United States Magistrate Judge Sidney I. Schenkier addressed Tomkins' request for the return of 60 categories of materials seized during searches conducted by the Government. The Government agreed to return 20 of the categories of materials, and Tomkins agreed that the Government may keep 6 categories of documents. Judge Schenkier denied the balance of the motion, concluding that he was "satisfied here by the government's explanation that the materials that remain in dispute may have

---

[5] According to the Seventh Circuit website, Tomkins' brief is due on January 10, 2014, the Government's response is due February 11, and Tomkins' reply is due February 25.

[6] *See* Motion for Return of Seized Property (docket number 203), Second Motion for Return of Seized Property and for Imposition of Sanctions (docket number 219), Third Motion for Return of Seized Property and for an Injunction Against the U.S. Postal Inspection Service (docket number 253), Fourth Motion for Return of Seized Property (docket number 312), and Fifth Motion for Return of Seized Property (docket number 372). Tomkins also asked for the return of seized property in his Second Motion to Suppress Evidence and for the Return of Property (docket number 200).

[7] *See* docket entry text (docket number 204).

[8] *See* docket entry text (docket number 247) at 2.

4

evidentiary value, and that they therefore do not need to be returned at this time."[9] Regarding Tomkins' fourth motion, filed shortly before his trial, Judge Dow concluded that "the materials seized from Defendant that remain in the Government's possession at this time are potentially relevant at trial."[10] Tomkins' fifth motion for return of seized property was filed after the trial was concluded. Tomkins argued that because the trial was concluded, items not introduced into evidence could have no conceivable evidentiary value. Judge Schenkier rejected Tomkins' argument, stating that he was "satisfied by the government's explanation that the materials that it seeks to retain that were not used at trial nonetheless may have evidentiary value in the event of a retrial, and that they therefore do not need to be returned at this time."[11] Acting on Tomkins' appeal of Judge Schenkier's ruling, Judge Dow concluded that FED. R. CRIM. P. 41(g) requires the issue to be resolved in the Northern District of Iowa.[12]

## II. DISCUSSION

On November 25, 2013, Chief Judge Linda R. Reade referred these cases to me, pursuant to 28 U.S.C. § 636(b). Judge Reade's Order directs that I conduct a further review of the record and the pleadings, hold an evidentiary hearing, if necessary, and submit a report and recommendation regarding the disposition of Tomkins' motion for the return of seized property, as amended. As set forth above, Judge Dow and Judge Schenkier in Illinois have repeatedly concluded that the property which remains in the Government's possession may have evidentiary value. While the trial has now been concluded, Tomkins' appeal is pending before the Seventh Circuit Court of Appeals. Judge Schenkier specifically found that even though certain items

---

[9] *See* Memorandum Opinion and Order (docket number 285) at 4.

[10] *See* Memorandum Opinion and Order (docket number 347) at 6.

[11] *See* Memorandum Opinion and Order (docket number 398) at 5.

[12] *See* docket entry text (docket number 421).

may not have been introduced at Tomkins' original trial, they may have evidentiary value at any retrial.

I conclude that any hearing on Tomkins' motion for return of seized property would be premature at this time. After Tomkins' appeal has been fully resolved, I will hold a hearing, if necessary, and hear the parties' arguments. I will then report to Chief Judge Reade, recommending a disposition of Tomkins' consolidated motion for return of seized property. Both sides will then have 14 days in which to file an objection to my proposed disposition of the motion. The Government is directed to notify the Court promptly following a final resolution of Tomkins' appeal in the Seventh Circuit Court of Appeals and a petition for writ of *certiorari*, if any, in the United States Supreme Court.

### III. ORDER

IT IS THEREFORE ORDERED that Tomkins' Consolidated Motion for Return of Seized Property, filed on September 11, 2013, is **AMENDED** in accordance with the Amended Consolidated Motion for Return of Seized Property, filed on November 5, 2013. These matters will come on for hearing following a final resolution of Tomkins' appeal of his criminal conviction in the Northern District of Illinois. I will then make a report and recommendation to Chief Judge Linda R. Reade, pursuant to 28 U.S.C. § 636(b). The Government must promptly notify the Court when Tomkins' rights to appeal in the criminal case have been exhausted.

DATED this 26th day of November, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA